tIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JONATHAN COCHRAN,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:21-00586

MCDOWELL COUNTY COMMISSION,
INVESTIGATOR MIKE COCHRAN,
and JOHN DOES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for enlargement of time to effectuate service upon defendants.  (ECF No. 3.)  Plaintiff is in discussions regarding whether defendants will agree to waive service.  Plaintiff expects this issue to be resolved soon and requests an additional fifteen days.

A plaintiff must complete service of process within 90 days of the filing of the complaint.  Fed. R. Civ. P. 4(m).  If a plaintiff has not completed service within 90 days, the court must determine whether the plaintiff has shown good cause for failing to effect timely service.  Id.  The Fourth Circuit has explained that "good cause" in the context of Rule 4(m) "requires some showing of diligence on the part of the plaintiffs . . . [and] generally exists when the failure of

service is due to external factors, such as the defendant's intentional evasion of service." Attkisson v. Holder, 925 F.3d 606, 627 (4th Cir. 2019). A "plaintiff bears the burden . . . of demonstrating good cause for any delay." Iskander v. Baltimore Cty., Md., 2011 WL 4632504, at *1 (D. Md. Oct. 3, 2011).

Courts often look to several factors to guide their determination of whether a plaintiff has shown good cause, which "include whether:  (1) the delay in service was outside the plaintiff's control, (2) the defendant was evasive, (3) the plaintiff acted diligently or made reasonable efforts, (4) the plaintiff is pro se or in forma pauperis, (5) the defendant will be prejudiced, or (6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 306 (4th Cir. 2016) (citations omitted). "What constitutes 'good cause' for purposes of Rule 4(m) 'necessarily is determined on a case-by-case basis within the discretion of the district court.'" Collins v. Thornton, 782 F. App'x 264, 267 (4th Cir. 2019) (quoting Scott, 673 F. App'x at 306).

Good cause is a flexible concept that "requires courts to consider all relevant facts and circumstances." Robinson v. G D C, Inc., 193 F. Supp. 3d 577, 580 (E.D. Va. 2016). Nevertheless, inherent in the concept of good cause is "some

2

showing of diligence." Attkisson, 925 F.3d at 627; see also Collins, 782 F. App'x at 267 ("The district court properly reached its conclusion that no good cause was present by considering and analyzing appropriate factors before it bearing on whether Collins's counsel was diligent in his effort to effect service.").

Plaintiff filed his motion before the deadline for service and seeks only a modest extension of the deadline as he awaits a response from defendants regarding waiver of service. Plaintiff has shown good cause for a modest extension of the service deadline; accordingly, the motion (ECF No. 3) is **GRANTED**. Plaintiff has until **February 15, 2022,** to effectuate service. The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

　　　**IT IS SO ORDERED** this 11th day of February, 2022.

ENTER:

David A. Faber

David A. Faber
Senior United States District Judge